A. C. DUGGAN, plaintiff in error, *vs.* A. J. GARNER, defendant in error.

Under the special acts of this case, there was no error in the judgment of the court dismissing the *certiorari*.

*Certiorari.* Before Judge HERSCHEL V. JOHNSON. Washington Superior Court. March Term, 1874.

A. C. Duggan, on the 12th of April, 1862, obtained four judgments in the justice court of the ninety-sixth district of Washington county, against one A. F. Jordan. Executions were issued from these judgments on April 1st, 1873, and on May 1st, were levied on a horse, mule and other personal property. These levies were stopped by an affidavit of illegality filed by one A. J. Garner. The justice appointed the fourth Saturday in May as the time for the trial of the issue, and notified Duggan and Garner. Plaintiff, after the issue was thus formed and before the day of trial, notified the justice that he would not attend court, and desired the justice not to press the matter further, and requested him so to inform Garner. No court was held at the time appointed, but on that day the justice met Garner in the road, he having started to court, and turned him back by imparting to him plaintiff's request.

Here the matter rested without further action until the 6th of December thereafter, when the justice notified Garner in writing that the issue formed by the affidavit of illegality,

filed in May before, would be passed upon and disposed of on the 24th instant. In obedience to this summons Garner employed counsel and attended the trial. The parties agreed to try one case and let the judgment govern the others. Plaintiff opened his case by introducing his *fi. fa.*, and moved to dismiss Garner's affidavit of illegality because it was *inter alios acta.* Garner met this motion by making another, to-wit: "to amend the justice's docket by entering upon it a *nunc pro tunc* order in each case dismissing the levy, and offered parol evidence to sustain the motion. To the entertaining of this motion and evidence the plaintiff in *fi. fa.* objected on the following grounds:

1st. Because his motion to dismiss the affidavit of illegality being first in order, had precedence, and should be disposed of before Garner's motion could be considered.

2d. Because Garner not being properly before the court no motion of his could be entertained, but his defense should be dismissed.

3d. Because plaintiff's motion to dismiss the illegality being in the nature of a demurrer to the affidavit, should be heard and disposed of before any evidence should be introduced.

The court overruled plaintiff's objections, and refused his motion to dismiss the illegality, but sustained Garner's motion, and heard the evidence offered by him. After hearing the evidence the court sustained his motion, and passed an order amending its docket dismissing the levies *nunc pro tunc.*

These rulings were carried by writ of *certiorari* to the superior court, where they were sustained, and plaintiff excepted.

The presiding judge certified the bill of exceptions, adding a note as follows:

"I dismissed the *certiorari* in this case on the sole ground that under the proofs submitted in the court below, the court decided correctly in passing the order *nunc pro tunc*, it being manifest that both parties, for several months, had acted upon the understanding that the levy had been dismissed by plaintiff's direction."

Tarver *et al. vs.* Fleming.

J. T. JORDAN, by brief, for plaintiff in error.

GEORGE F. PIERCE, by Z. D. HARRISON, for defendant.

TRIPPE, Judge.

Whether the affidavit of illegality filed by Garner was legally interposed or not, is not the question, and was not decided either by the justice of the peace or by the judge of the superior court on the hearing of the *certiorari*. The justice held that under the proof the levy was to have been dismissed at the court to which the order *nunc pro tunc* refers to-wit: the preceding May term. The judge, in reviewing the testimony, sustained this decision, and further held, that under the testimony it was "manifest that both parties, for several months, had acted upon the understanding that the levy had been dismissed by plaintiff's direction." We do not feel authorized to interfere with these decisions made on the evidence. All the testimony is not set out by the reporter, nor is it necessary, as the justice of the peace and the judge of the superior court were as competent to pass upon the facts as we are.

Judgment affirmed.